RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

Paul R. Desilets
T.D.C.J.# 1581093
7405 Hwy 75 S.
Huntsville Texas 77344
Goree Unit
December 8th 2014

Barbra Gladden Admick
District Court Clerk
301 N. Main St.
P.O. Box 2985
Conroe Texas 77305

RE: Cause No. 08-12-11262-CR-I, II, Paul R. Desilets v. State of Texas;

Dear Barbra Adamick,

Please find enclosed Applicants Objection To The State's Proposed Designation Of Issues And Court's Non-Ruling Of Motions For Habeas Proceedings.

Could you please file this and bring it to the attention of the Court, also could you please time stamp and return copy to the above offender. This offender is indigent and the T.D.C.J will not allow me to forward a stamped envelope.

Thank You for your assistance in this matter.

Respectfully Submitted

Paul R. Desilets

RECEIVED & FILED FOR RECORD
BARBARA GLADDEN ADAMICK, DISTRICT
CLERK, MONTGOMERY COUNTY, TEXAS

2015 JAN -6 PM 4: 11

BY _____
DEPUTY

CAUSE NO. 08-12-11262-CR, I,II

PAUL R. DESILETS       §      IN THE DISTRICT FOR

               §

V.                §      THE 359th JUDICIAL DISTRICT

               §

THE STATE OF TEXAS      §      MONTGOMERY COUNTY TEXAS

### OBJECTION TO THE STATE'S PROPOSED DESIGNATION OF ISSUES AND COURT'S NON-RULING OF MOTIONS FOR HABEAS PROCEEDINGS

TO THE HONORABLE JUDGE OF THE 359th JUDICIAL DISTRICT COURT, MONTGOMERY COUNTY:

**NOW COMES,** Paul R. Desilets, Applicant, in the above styled and numbered causes in a post-conviction Habeas Corpus, Pursuant to Article 11.07 of the Texas Code of Criminal Proced., and files this his Objection To The State's Proposed Designation Of Issues And Court's Non-Ruling Of Motions For Habeas Proceedings, Under 33.1 of the Rules Of Appellant Procedures.

In Support Of This Motion Applicant Will Show This Honorable Court The Following;

### I.    HISTORY

On October 6, 2014, Applicant filed his Post-Conviction Application Habeas Corpus Pursuant to Art. 11.07 of the Code of Crim. Proc., along with his Memorandum, Appendix of Exhibits, Motion asking to Proceed as a Veteran. Motion for Discovery, and a Motion for Hearing by Confrence Call, all in the above causes.

On October 29, 2014, Applicant recieved State's answer to application and proposed finding of facts and conclusion of law that State filed on October 27,2014, unsigned by Judge.

On November 14, 2014, Applicant filed his amended memorandum in compliance with 73.1 of the Rules of Appellate Proc.

1.

On November 18, 2014, Applicant recieved State's Finding of Facts signed on November 6, 2014, by Judge Hamilton of the 359th Trial Court, dismissing Applicant's application of habeas with an Order to forward to the Court Of Criminal Appeals.

On November 24, 2014, Applicant filed his Objection to the State's Finding of Facts and Conclusion of Law and Non-Ruling of Motions by the Trial Court, his Motion for Appointment of Counsel and Motion to Exceed the 15,000 word limit.

On November 25, 2014, Applicant recieved State's Motion to Vacate State's Finding of Facts and Conclusion of Law. On November 28, 2014, Applicant received State's Designated of Issues, both were un-signed by the Judge of the trial Court.

Applicant now files his Objection under 33.1 of the Rules of App. Proc.,and Objects to the State's Proposed Designation Of Issues and Trial Court's failure to Rule on Applicant's Motions before the Court.

## II.   OBJECTION TO STATE'S PROPOSED DESIGNATION OF ISSUES

Applicant contends the State is clearly exhibiting prejudice by denying Applicant Due Process of Law by only address the first eight grounds of his seventeen of constitutional merit in his application of habeas. Although A.D.A. Bret Chapell has presented the issue of denial of effective assistance of trial counsel, and has requested an order for attorney John Choate provide an affidavit responding to nine questions of factual issues to be resolved, A.D.A. Chapell has overlooked and failed to address the other nine grounds of constitutional merit which Applicant has put forth as well.

Further, the address for attorney John Choate is listed in the order to the Court as 300 W. Davis, ste. 450, of Conroe Texas. However, Attorney John Choate moved seven years ago and still resides at 116 W. Lewis St. Conroe Tx. 77301, and can be reached at (936) 441-2999, and is listed in the Texas Legal Directory 2013.

State having considered the Application for writ of habeas corpus and review of the Court's file for the above captioned causes A.D.A. Chapell should find the following issues of fact should also be resolved as well;

1. Did the State use a Grand Jury Subpoena to further a police investigation? please explain.

2. Did the State obtain a blood serum test without a warrent? If so why? please explain.

2.

3. Did the State directly or in-directly derive evidence from illegal goverment activity without a search warrant? please explain.

4. Did the State introduce a blood serum test with no indica of reliability if so why? please explain.

5. Did the State violate Sec. 37.09(a)(2) of the Texas Penal Code by tampering with or fabricating physical evidence for trial? please explain.

6. Did the State violate Sec. 37.10(2)(a) of the Texas Penal Code by tampering with a goverment record which resulted in a violation Art. 38.23 of the Texas Code of Criminal Procedure at trial? Please explain.

7. Did the State withhold exculpatory evidence from the trial Court of actual innocence on Defendant's behalf? if so why? Please explain.

8. Did the State and Trial Court deny applicant his Sixth Amendment to the Confrontation clause? Please explain.

9. Did the State and Trial Court deny Applicant's Due Process Clause of the Fourteenth Amendment of an expert witness? If so why?

10. Did the State and trial Court deny Applicant a Daubert Kelly hearing for scientific reliability? Please explain.

11. Did the State and Trial Court provide insufficient notice of intent to seek a deadly weapon finding? if so whu? Please explain.

12. Did the State and Trial Court prejudice Applicant when he was denied a continuance to seek expert witness in a deadly weapon finding? If so why? Please explain.

13. Did the State and Trial Court prejudice Applicant by denying him his Sixth Amendment to Confrotation, and to confront any witness against him? if so why? please explain.

14. Did the State present, and the Trial Court allow into evidence a blood serum test under the hearsay clause knowing the preparation indicated a lack of trustworthiness? If so why? Please explain.

15. Did State threaten and harass witnesses into changing their testimony? Please explain.

16. Was Applicant denied effective assistance of appellate counsel? and did counsel labor under a conflict of interest?Please explain.

17. Did the Court sentence Applicant twice in open Court, by two Judges who presided in the same trial? If so why? Please explain.

18. Did the State exhibit unprofessional conduct and prosecutorial vindictiveness during the trial which would warrant a reversal and dismissal? Please explain.

19. Did the State engage in any criminal activity or violate any code of ethics in the prosecution of Applicant? If so why? Please explain.

20. In the State's opinion did any judicial misconduct occur during trial that would warrant a reversal and dismissal? Please explain.

III.    OBJECTION TO COURT'S NON-RULING ON MOTIONS

Applicant Objects to the trial Court not ruling on his Motions before the Court in this Habeas Corpus Proceeding. Applicant has filed several Motions to the Court , however, trial Court is showing prejudice towards Applicant by only ruling on the States's motions before the Court, thus denying Applicant Due Process.

Applicant has filed five Motions to the Court;

1. Motion Asking To Proceed As A Veteran
2. Motion For Discovery
3. Motion For Hearing By Conference Call
4. Motion For Appointment Of Counsel
5. Motion To Exceed the 15,000 Word limit

4.

## CONCLUSION AND PRAYER

Applicant requests State having considered Applicant's application of habeas corpus along with the Court's file for the above captioned causes and the Applicant's appendix of exhibits, finds that the above issues of facts listed in this document be resolved as well as the issues already presented. Applicant further requests that the Motions before the Court filed by Applicant in these causes be Granted.

Wherefore, Premises Considered, Applicant, Paul R. Desilets, Prays the State finds that the twenty issues of facts be resolved as well as the issues already presented. Applicant also Prays that the Trial Court Rule on his Motions before the Court, and upon the finding of facts hold an evidentiary hearing, in conclusion of said hearing Grant relief to Applicant's unconstitutional confinement.

Respectfully Submitted

Paul R. Desilets

INMATE DECLARATION

I Paul R. Desilets, being presently incarcerated in the Goree Unit of the Department of Criminal Justice, declare under penalty of purjury, Pursuant to 28 U.S.C. § 1746, that the facts in this objection are true and correct.

Executed on this the 8th day of December, 2014

Respectfully Submitted

Paul R. Desilets

CERTIFICATE OF SERVICE

I, Paul R. Desilets, being presently incarcerated in walker County, Texas and under penaltyof purjury, Pursuant to 28 U.S.C. § 1746, do hereby affirm that I have delivered a copy of this Objection to the prison mailroom officials for delivery to the following;

Executed on this the 8th day of December, 2014

Respectfully Submitted

Paul R. Desilets

Barbra Gladden Adamick
District Clerk
301 N. Main St.
P.O. Box 2985
Conroe Texas 77305

Louise Pearson, Clerk
Court of Criminal Appeals
Capitol Station
Austin Texas 78711